UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREA D. PYLANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CV-0379-G |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, ET AL., | ) | **ECF** |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is a motion by the plaintiff, Andrea D. Pylant ("Pylant" or

"the plaintiff"), for reconsideration of this court's prior order granting summary

judgment in favor of the defendants, Hartford Life and Accident Insurance Company

("Hartford") and The First American Corporation Group Life, Medical, Dental,

Disability Benefits Trust No. 502 ("First American") (collectively, "the defendants").

For the reasons stated below, the plaintiff's motion is denied.

## I. BACKGROUND

The underlying claims in this case stemmed from the defendants' decision to

terminate the plaintiff's long-term disability benefits.  A more detailed review of the

background is included in the memorandum order and opinion dated April 20, 2006

("Summary Judgment Order"); however, a brief summation of the relevant facts is

necessary for the instant motion.  In September of 2000, Pylant began work as a

technical writer for First American.  Brief in Support of Plaintiff's Motion for

Summary Judgment ("Plaintiff's Summary Judgment Brief") at 2.  She continued her

employment with First American until November of the following year.  *Id*.  In

February 2002, Pylant filed a claim for disability after she was diagnosed with chronic

fatigue, Epstein Barr, cytomegalovirus, and psoriatic arthritis.  *Id*. at 6.  Pylant's claim

was approved on May 30, 2002, and she began receiving long-term disability

("LTD") benefits.  *Id*. at 2; Defendants' Brief in Support of Their Motion for

Summary Judgment at 7.  On January 28, 2004, however, Hartford wrote Pylant to

inform her that her LTD payments would be terminated.  Plaintiff's Summary

Judgment Brief at 16.  Pylant appealed this decision, but Hartford upheld its previous

termination of benefits based on its conclusion that she was no longer disabled.  *Id*. at

2, 9.  In processing Pylant's appeal, Hartford referred Pylant's claim to the University

Disability Consortium ("University"), an independent contractor that conducts

medical reviews for disability claims; University retained Dr. David Trock ("Dr.

Trock") to conduct the independent medical review.  Plaintiff's Second Motion to

Compel ("Motion to Compel") at 22.  On February 24, 2005, Pylant filed this case,

challenging Hartford's denial of LTD benefits.  Docket Sheet.

Relevant to this motion is the procedural posture of the case at the time when summary judgment was granted. On October 28, 2005, the parties filed cross motions for summary judgment. Docket Sheet. The court entered a standing order on November 29, 2005, referring all discovery matters to Magistrate Judge Kaplan. Order, November 29, 2005. Pylant filed a motion to compel discovery on January 11, 2006. Docket Sheet. On January 20, 2006, Judge Kaplan issued an order denying in part the plaintiff's motion to compel discovery. Memorandum Order, January 20, 2006 ("Motion to Compel Order"). Specifically, the magistrate judge denied the plaintiff's motion to compel answers to two proposed interrogatories, which read as follows:

**<u>Interrogatory No. 10</u>:**

State whether Defendant maintains Documents which evidence, prove or relate to compliance by Defendant with 29 C.F.R. § 2560.503-1, specifically paragraph (b)(5) and paragraph (h)(2)(iv) which provide:

(b)(5) The claim procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants.

(h)(2)(iv) Provide for a review that takes into account all comments, documents, records, and other information submitted by the Claimant relating to the claim, without regard

- 3 -

> to whether such information was submitted or
> considered in the initial benefit
> determination.

* * *

> **Interrogatory No. 11**:
>
> Identify by year, the number of records reviews like the one
> in Plaintiff's claim performed by (a) Dr. David Trock,
> M.D. and (b) University Disability Corporation for
> Defendant, specifically including the number of evaluations
> that supported the Claimant's alleged disability and the
> number of the evaluations that did not support the
> Claimant's alleged disability.  This interrogatory is limited
> to the time period of 2002 to 2005 and for each such
> years.

Motion to Compel at 4-5.

The plaintiff took an appeal to the undersigned from the magistrate's order on January 27, 2006.  Docket Sheet.  This court entered the summary judgment order on April 20, 2006, granting summary judgment in full for the defendants.  The court neither resolved the plaintiff's appeal prior to the summary judgment order, nor discussed the appeal in the summary judgment order.  This motion for reconsideration followed.[1]

---

[1]     This motion was styled as a motion for new trial pursuant to Federal Rule of Civil Procedure 59(a).  Rule 59(a) permits the district court to order a new trial as to all or part of the issues (1) in an action in which there has been a trial by jury or (2) in an action tried without a jury.  FED. R. CIV. P. 59(a).  "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions

(continued...)

## II.  ANALYSIS

The plaintiff alleges that the court committed a manifest error of law in failing to resolve her appeal from the magistrate judge's order before ruling on the motions for summary judgment.  Pylant's motion fails for two reasons:  (1) because she does not meet the standard for granting a motion for reconsideration and (2) because this court would have affirmed the magistrate judge's motion to compel order if it had been considered before the summary judgment order was issued.

### A.  Standard for Rule 59(e)

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted).  "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law."  *Id*.  Some courts have found that a motion to alter or amend may also be granted if granting the motion is necessary to prevent manifest injustice.  *Fresh America*

--------

[1](...continued)
of law or make new findings and conclusions, and direct the entry of a new judgment."  *Id*.  However, because no trial took place in this action, Rule 59(a) is not the proper subsection of the rule through which to challenge the court's prior order. Because the plaintiff is asking the court to alter or amend its judgment, Federal Rule of Civil Procedure 59(e) is more appropriate; the court will treat the plaintiff's motion accordingly.

*Corporation v. Wal-Mart Stores, Inc.*, No. 3:03-CV-1299-M, 2005 WL 1253775, at *1 (N.D. Tex. May 25, 2005) (Lynn, J.).  If a party seeks reconsideration of a summary judgment order based on the argument that additional discovery would have defeated the motion for summary judgment, the motion for reconsideration is procedurally improper *unless* the party seeking such filed a Rule 56(f) motion for continuance prior to the court's issuance of the summary judgment order.  See *Fanning v. Metropolitan Transit Authority*, 141 Fed. App'x 311, 314-15 (5th Cir. 2005) (stating "[a] rule 56(f) motion, not one for reconsideration, is the proper remedy for a party claiming summary judgment is inappropriate because of inadequate discovery"); see also *Access Telecom, Inc. v. MCI Telecommunications Corporation*, 197 F.3d 694, 719 (5th Cir. 1999) (finding that the plaintiff waived the issue of adequate discovery on appeal where the plaintiff failed to file a proper Rule 56(f) motion in the district court), *cert. denied*, 531 U.S. 917 (2000); *Potter v. Delta Airlines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996) (holding the plaintiff needed to move for a continuance pursuant to Rule 56(f) if she wanted to argue inadequate time for discovery on appeal).

Here, the plaintiff alleges that it was a manifest error of law for the court not to have resolved her appeal from the magistrate judge's order prior to ruling on the parties' motions for summary judgment.  At its core, Pylant's claim is that the court erred in granting summary judgment where additional discovery would have uncovered evidence sufficient for her to survive the motion.  The problem with this

argument, of course, is that the plaintiff never moved for a continuance while the
motions for summary judgment (including her own) were pending.  To the extent
that Pylant's appeal from the magistrate judge's order could constitute a request for
continuance, the posture of this case at the time of the summary judgment order
refutes such an argument.  Pylant's motion to compel was filed more than one month
after briefing was concluded on the cross-motions for summary judgment.  Docket
Sheet.  Pylant's appeal did not reach this court until almost three months after the
filing of the motions for summary judgment and nearly two months from the date
that briefing was concluded on those motions.  *Id.*  How the court was supposed to
know that information crucial to the survival of summary judgment was at issue in
the appeal is never explained.  At no point during the briefing on the cross motions
for summary judgment did the plaintiff ever suggest that additional time for discovery
was needed for her to adequately defend against the defendants' motion.[2]

---

[2]     In the briefing on the defendant's motion for summary judgment, Pylant
did allege an issue of factual dispute in her response to the defendants' motion for
summary judgment.  *See* Brief in Support of Plaintiff's Response to Defendant's [sic]
Motion for Summary Judgment ("Plaintiff's Summary Judgment Response") at 3-5.
There, however, she claimed that certain documents were missing from the
administrative record.  See *id*.  The interrogatories that were the subject of the motion
to compel did not involve information that should have been in her administrative
record but, instead, centered on extraneous documents.
        Also, Pylant noted in her response to the defendants' motion for
summary judgment that the defendants failed to respond to Interrogatory No. 10.
*See* Plaintiff's Summary Judgment Response at 12.  Rather than requesting the court
to deny the defendants' motion for summary judgment based on this deficiency or
seeking a continuance pending the resolution of the discovery dispute, Pylant merely
                                                              (continued...)

This court expended considerable resources in resolving the motions for summary judgment.  Were the information sought by the plaintiff in her motion to compel of sufficient import to delay decision of those motions, it was incumbent upon her to request such relief before the court's ruling.  Though the procedural default alone is sufficient to deny the plaintiff's motion for reconsideration, the court will address the merits of Pylant's appeal, the determination of which serves as a second ground for denying this motion.

## B.  The Abuse of Discretion Inquiry

In Pylant's motion for reconsideration, she avers that resolution of her appeal from the magistrate's order would have resulted in additional evidence sufficient either to defeat the defendants' motion for summary judgment or to grant her motion for summary judgment.  The plaintiff's underlying claim in this case is that Hartford incorrectly determined that she was not qualified for LTD benefits.  Plaintiff's Summary Judgment Response at 10-17.  Pylant alleges that a reversal of the magistrate judge's order would have provided additional evidence relevant to both stages of the applicable two-step analysis.

---

[2](...continued)
asked the court to draw a negative inference towards the defendants for this failure to make discovery.  *Id.*

1.  *Standard for Determining Administrator's Abuse of Discretion*

Courts use a two-step analysis in determining whether a plan administrator

abused its discretion in construing plan terms.  *Rhorer v. Raytheon Engineers and*

*Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999).  First, the court determines the

legally correct interpretation of the plan and whether the administrator's

interpretation accords with the proper legal interpretation.  *Id*.  Factors to consider

when determining the legally correct interpretation of the plan include:  "(1) whether

a uniform construction of the [plan] has been given by the administrator; (2) whether

the interpretation is fair and reasonable; and (3) whether unanticipated costs will

result from a different interpretation of the [plan]."  *Lain v. UNUM Life Insurance*

*Company of America*, 279 F.3d 337, 344 (5th Cir. 2002).  If the administrator's

construction is legally sound, then no abuse of discretion occurred and the inquiry

ends.  *Id*. at 639-40.  If, however, the court concludes that the administrator has not

given the plan the legally correct interpretation, the court must proceed to the second

step and determine whether the administrator's interpretation constitutes an abuse of

discretion.  *Id*. at 640.

2.  *Determination of the plan's legally correct interpretation*

In her instant motion for reconsideration, Pylant alleges that the court's failure

to address her appeal from the magistrate judge's order led this court to erroneously

conclude that Hartford's interpretation of the disability plan was legally correct.

Plaintiff's Memorandum in Support of Motion for New Trial ¶ 5.  In the summary

judgment order, this court held that as to the first factor -- the uniformity of

construction factor -- both the plaintiff and the defendants presented arguments,

neither of which proved to be conclusive.  Summary Judgment Order at 15.  As a

result, the court found that the uniformity factor "weigh[ed] neither for nor against

either party."  *Id.*  Pylant argues that if the court had ruled in her favor on her appeal

from the magistrate judge's denial of the motion to compel an answer to

Interrogatory No. 10, she would then have been able to submit conclusive evidence

with regard to the non-uniformity of the defendants' interpretation of the plan.

Plaintiff's Interrogatory No. 10 requested production and information

regarding Hartford's compliance with 29 C.F.R. 2560.503-1.  *See* Motion to Compel

at 4-5.  Specifically, Pylant sought evidence demonstrating that Hartford had in place

procedures to ensure consistent plan interpretations.  *Id*.  She avers that Hartford's

ability (or inability) to adhere to the federal law -- possessing a consistency plan --

"will show whether [Hartford] treated Plaintiff consistently with other similarly

situated claimants."  Plaintiff's Objection to Magistrate Judge's Order ("Plaintiff's

Objection") ¶ 37.

The magistrate found that in requesting this information, the plaintiff was not

seeking permissibly discoverable information within the meaning of *Vega v. National*

*Life Insurance Services, Inc.*, 188 F.3d 287 (5th Cir. 1999) (en banc).  *See* Motion to

Compel Order at 7 (citing *Griffin v. Raytheon Company Long Term Disability Plan No. 558*, No. 3:04-CV-2179-D (N.D. Tex. Aug. 31, 2005) (Fitzwater, J.)).  Generally, in ERISA actions for judicial review of benefit denials, discovery is limited, with a few exceptions, to consideration of the administrative record.  *Vega*, 188 F.3d at 299.  The court, however, may go outside the record to consider evidence of "how an administrator has interpreted terms of the plan in other instances . . ., [and] evidence, including expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim."  *Id.*  In *Griffin*, Judge Fitzwater addressed the exact issue raised by Pylant in her motion to compel.  There, Judge Fitzwater held that the plaintiff had not demonstrated that he was "entitled to discover documents that exceed what constitutes the administrative record or that fall within one of the limited areas that the court is permitted to consider besides the record."  *Griffin*, No. 3:04-CV-2179-D at 7.

Consideration of the plaintiff's appeal would not have altered the court's summary judgment order.  Had the court reached Pylant's appeal regarding plaintiff's Interrogatory No. 10, the court would have affirmed the magistrate's order; thus, no additional evidence would have been before the court on the issue of uniformity.  In addition to the fact that Pylant's request is directly controlled by the holding in *Griffin*, the plaintiff's argument rests on a logical fallacy.

- 11 -

The presence or absence of a consistency plan does nothing to demonstrate whether Hartford interpreted Pylant's claim in a uniform manner.  To be clear, Hartford could have no consistency plan and yet have treated all similarly situated claimants alike, or, conversely, Hartford could have a consistency plan and yet have treated Pylant's claim dissimilarly from like situated claimants.  Rather than producing the consistency plan to demonstrate variance, Pylant needed to demonstrate that Hartford was *actually* applying nonuniform interpretations of the plan.  The materials and information sought in plaintiff's Interrogatory No. 10 would not have provided such evidence.  Thus, even if the court were to have ruled on the plaintiff's appeal to the magistrate judge's order prior to the granting of summary judgment, the record before the court would not have been altered.

3.  *Determination of abuse of discretion*

In analyzing a claim for benefits allegedly due under an ERISA plan, the district court reviews the plan administrator's determination for abuse of discretion when the plan expressly gives the administrator discretionary authority.[3]  *Vercher v.*

---

[3]        In this context, the "abuse of discretion" standard is synonymous with the "arbitrary and capricious" standard.  See *Meditrust Financial Services Corporation v. Sterling Chemicals, Inc.*, 168 F.3d 211, 214 (5th Cir. 1999) ("[T]here is only a 'semantic, not a substantive, difference' between the arbitrary and capricious and abuse of discretion standards in the ERISA benefits review context.").  "A decision is arbitrary if there is no rational connection between the known or found facts and the evidence in the record."  *Matney v. Hartford Life & Accident Insurance Company*, No. 05-10506, 2006 WL 775129, at *1 (5th Cir. Mar. 27, 2006) (per curiam) (citing *Meditrust*, 168 F.3d at 215).  Both parties agree that "abuse of discretion" is the

(continued...)

*Alexander & Alexander Inc.*, 379 F.3d 222, 226 (5th Cir. 2004); see also *Adams v. UNUM Life Insurance Company of America*, No. H-04-2179, 2005 WL 2030840, at *32 (S.D. Tex. Aug. 23, 2005) (noting that the standard of review for termination of previously granted benefits is the same).  If an administrator's decision is supported by substantial evidence, the court must affirm that decision.  *Ellis v. Liberty Life Assurance Company of Boston*, 394 F.3d 262, 273 (5th Cir. 2004), *cert. denied*, ___ U.S. ___, 125 S. Ct. 2941 (2005).[4]  The abuse of discretion inquiry is altered, however, if there is a potential conflict of interest.  *Vega*, 188 F.3d at 297.  Where a party acts as both the insurer and the administrator, as is the situation with Hartford, a potential conflict of interest exists.  However, where the existence of this dual role is the only potential conflict, the administrator is afforded "only a modicum less deference" than it would receive in other circumstances.  *Id.* at 301; see also *Matney*, 2006 WL 775129, at *1(finding that since there was "no evidence of a conflict other than Hartford's position as both the insurer and the administrator," Hartford's decision is afforded "only a modicum less deference" than it would otherwise receive).

---

[3](...continued)
proper standard to apply in this instance.  *See* Plaintiff's Summary Judgment Brief at 19-20; Defendants' Brief in Support of its Response to Plaintiff's Cross-Motion for Summary Judgment ("Hartford's Response") at 3.

[4]      "Substantial evidence is 'more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Ellis*, 394 F.3d at 273.

Plaintiff's Interrogatory No. 11 requested documents and information regarding the number of records reviews performed by Dr. Trock and/or University, including the number of reviews that supported the issuance of disability benefits to the claimant under review.  Pylant argued that this information went to the issue of conflict of interest.  *See* Plaintiff's Objection ¶ 15.  The magistrate judge held that the information was not discoverable because the only relevant inquiry in an ERISA case is whether the decision maker -- here, Hartford -- is conflicted.  *See* Motion to Compel Order at 5.  Pylant's argument here is that had the court granted her appeal with regard to the magistrate judge's denial of the motion to compel an answer to Interrogatory No. 11, she would have been able to demonstrate a more serious conflict, thus warranting less deference to Hartford's decision.  This argument is unpersuasive because whatever conflicts Dr. Trock or University might have had are irrelevant to the level of deference granted to Hartford.

Potential conflicts of interest resulting in a lower level of deference concern conflicts between the insurer and the administrator, not extraneous third parties.  See *Abromitis v. Continental Casualty Company/CNA Insurance Companies*, 261 F. Supp. 2d 388, 390 (W.D.N.C. 2003), *aff'd*, 114 Fed. App'x 57 (4th Cir. 2004).  The information sought by the plaintiff's Interrogatory No. 11 involved the relationship between Dr. Trock and the defendants and/or between University and the defendants.  The only conflict of interest applicable in this case is the internal conflict

- 14 -

of Hartford due to its dual role as administrator and insurer.[5] The relationship between Hartford and Dr. Trock or between Hartford and University is irrelevant to the determination of whether Hartford, as the decision maker, was conflicted; neither Dr. Trock nor University was vested with the authority to terminate Pylant's benefits.

This court's prior opinion considered the internal conflict of Hartford and reduced the amount of deference traditionally granted to administrators. *See* Summary Judgment Order at 18. To that extent, the relief sought by the plaintiff on this motion to reconsider was afforded to her by the court's previous order. The court was unconvinced in that order that the defendants, when viewed on a sliding scale, abused their discretion, and the court adheres to that opinion now.

---

[5]      Upon review of the plaintiff's claim that she is entitled to discovery materials relating to potential conflicts of interest involving third parties, it appears that there is a split among the circuit courts, and the Fifth Circuit has yet to rule on this discrete issue. Pylant cites case law from the Sixth Circuit indicating that conflicts of interests that exist with regard to third parties are relevant to the abuse of discretion inquiry. *See* Plaintiff's Objection ¶ 16 (quoting *Kalish v. Liberty Mutual/Liberty Life Assurance Company of Boston*, 419 F.3d 501, 507-08 (6th Cir. 2005) ("a plan administrator, in choosing the independent experts who are paid to assess a claim, is operating under a conflict of interest that provides it with a clear incentive to contract with individuals who were inclined to find in its favor")). The magistrate judge, however, chose to follow the law of the Fourth Circuit. *See* Motion to Compel Order at 5 (citing *Abromitis*, 261 F. Supp. 2d at 390 ("it is not the conflict of interest of a consultant employed by a fiduciary that the Fourth Circuit has held is relevant"). This court finds the reasoning of the Fourth Circuit to be more persuasive and thus adopts that standard. Therefore, the relevant conflict under consideration by this court is the conflict as to the decision maker -- Hartford.

III.  <u>CONCLUSION</u>

For the above stated reasons, the plaintiff's motion to reconsider is hereby

**DENIED**.

      **SO ORDERED**.


November 9, 2006.


A. JOE FISH
CHIEF JUDGE